# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1994V
(not to be published)

| | |
|---|---|
| PATRICIA DOYLE,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: May 23, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*Donald Philip Edwards*, Edwards & Hawkins, LLC, Atlanta GA, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 28, 2020, Patricia Doyle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of a Hepatitis B vaccine that was administered on November 20, 2019. Petition at 1-2. On April 4, 2023, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. ECF No. 37.

Petitioner has now filed a motion for attorney's fees and costs, dated April 13, 2023 (ECF No. 41), requesting a total award of $17,852.88 (representing $17,231.00 in fees and $671.88 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. ECF No. 40.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Respondent reacted to the motion on April 19, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 42. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. Hourly Rates

Petitioner is requesting the following rates for attorney Donald Phillip Edwards and his associates:

|  | 2020 | 2021 | 2022 | 2023 |
|---|---|---|---|---|
| **Donald Edwards** | $484 | $509 | $525 | $553 |
| **Anaya Roy** | $169 | $177 | X | X |
| **Sonya O. Eboigbe** | $169 | X | X | X |

Mr. Edwards has been a licensed attorney since 1973, placing him in the range of attorneys with over 31 years' experience. ECF No. 41 at 3. Mr. Edwards has also had previous cases in the Vaccine Program, but his last hourly rate was established in 2020, when he was awarded $484 per hour (the rate also requested in this case). *See Ferrara v. Sec'y of Health & Human Servs.,* 17-1601V, 2021 WL 125084 (Fed. Cl. Spec. Mstr. Mar. 5, 2021). I find it, plus the requested rate increases for subsequent years, to be appropriate and shall award them herein. However, I find adjustments are needed to the requested rates of Ms. Roy and Ms. Eboigbe.

Attorneys Anya Roy and Sonya Eboigbe have been licensed to practice law since 2021 and 2018 respectively. *Id.* at 4. This this places them in the range of attorneys with less than four years' experience. But neither are admitted to practice in the Court of Federal Claims – making them ineligible to collect fees at an admitted attorney's rate. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Rather, their time must be compensated at non-attorney rates.

I shall therefore reduce the requested rates for both Ms. Roy and Ms. Eboigbe to $163 per hour for 2020, and $172 per hour for time billed in 2021 – consistent with what a supporting paralegal in the Vaccine Program would receive. This results in a reduction of the fees to be awarded by **$51.30**.[3]

## ATTORNEY COSTS

Petitioner requests $621.88 in overall costs. ECF No. 41 at 20. This amount is comprised of obtaining medical records, postage and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award them in full.

---

[3] This amount consists of ($169 - $163 = $6 x 8.30 hrs = $49.80) + ($177 - $172 = $5 x 0.30 hrs = $1.50) = $51.30.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$17,801.58** (representing $17,179.70 in fees and $621.88 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Donald Philip Edwards. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.